UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN J. REX, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. 1:25-cv-01424 (UNA) |
| v. | ) |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this case without prejudice.

At the outset, the court notes that plaintiff has not provided his address, *see* Compl. at 1, in contravention of D.C. Local Civil Rule 5.1(c)(1). The allegations themselves fare no better. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and plaintiff's complaint falls squarely into this category.

Plaintiff sues the Federal Bureau of Investigation, and the Central Intelligence Agency, alleging that, on December 8, 2024, defendants engaged in a "social game with the use of psycho technology," and they exerted mind control over a driver on Bladensburg Road, who then struck plaintiff with his car. *See* Compl. at 2–4. Plaintiff believes that alleged event was motivated by

defendants' efforts to intimidate him into "leav[ing] Washington D.C. or not talk[ing] to Congress about aspects" of defendants' alleged suspicious behavior. *See id.* at 7. He asks the court to protect him from defendants' continued alleged manipulations and "investigations," and he demands over $11 million in damages. *See id.* at 4, 7.

This court cannot exercise subject matter jurisdiction over plaintiff's complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's pending motion for CM/ECF password, ECF No. 4, motion for temporary restraining order, ECF No. 5, motion for relief, ECF No. 6, and motion to expedite, ECF No. 7, are all denied as moot. A separate order accompanies this memorandum opinion.

Date: June 12, 2025

/s/
AMIT P. MEHTA
United States District Judge